Harry E. Schirick, J.
This is a petition by the Republican candidate for the office of Town Councilman of the Town of Bethlehem, Albany County, to stay the Board of Elections of such county from delivering certain absentee ballots to the Sixth Election District of the Town of Bethlehem.
As to 7 of the 18 ballots in question, relief was denied at the conclusion of the hearing. The remaining 11 ballots involve recipients of public assistance presently living at a nursing home for aged persons known as “ The Cedars.” Absentee ballots were given to such persons pursuant to section 117-a of the Election Law on the ground that they were unable to appear personally at the polling place because of illness or physical disability. Proper statements were submitted in each instance to establish such disability, and no substantial issue is raised in this respect.
While several objections are presented in the petition, all except one allege defects of a technical nature not attributable to the individual respondents. They fall within the rule that such matters be resolved in favor of the voter and against his disenfranchisement. The court is admonished to “ make such order as justice may require ” (Election Law, § 330).
The remaining objection involves the provision contained in the Constitution and statute to the effect that ‘ ‘ For the purpose of * * * voting no person shall be deemed to have gained or lost a residence * * * while kept at any welfare institution, asylum or other institution wholly or partly supported at public expense or by charity ” (Election Law, § 151; N. Y. Const., art. II, § 4).
It is the contention of the petitioner that 11 of the individual respondents come within this provision and that1 ‘ The Cedars ’ ’ is not their lawful residence.
To support such contention petitioner must establish (1) that 11 The Cedars ” is an institution wholly or partly supported at public expense, and (2) that such respondents are “ kept ” there.
The only testimony upon either proposition was that given by Marsh W. Breslin, Commissioner of Public Welfare of the County of Albany. He testified, and the exhibits established, that his department issued checks to such respondents and to the sole order of the respondents. Such payments were unre *47 strieted and there is nothing in the record to indicate that the recipients could not spend the money where they wished. It is true, of course, that they could not continue to reside at “ The Cedars ” if they did not pay their bills but this is a situation common to all tenants everywhere. No payments were made by the Department of Public Welfare to “ The Cedars.” While ‘ ‘ The Cedars ’ ’ was licensed to care for aged and ill persons, this was merely to insure minimum standards of sanitation, fire prevention, and the like and did not detract from its status as a private venture operated for profit.
The Commissioner did testify, on direct examination, that his department had “ placed ” the respondents at “ The Cedars.” Unexplained, this might indicate that respondents were compelled to live there, although no legal basis has been shown for such compulsion. His subsequent testimony made it clear, however, that by ‘ ‘ placed ’ ’ he meant only ‘ ‘ recommended ’ ’ and that respondents were free to stay at other homes if they preferred. He recited one recent instance where this was done.
As stated in Matter of Goodman (146 N. Y. 284), “ the provision does not apply to a case of doubt, where there is a dispute about the facts, or ground for differing inferences, but only where the facts show affirmatively that a person is not and cannot become qualified. ’ ’
In my opinion, petitioner has established neither that “ The Cedars ” is an institution supported at public expense nor that the respondents are “ kept ” there (Matter of Registration [City of Albany, 19th Ward], 239 App. Div. 150, affd. 262 N. Y. 715).
The petition is dismissed.